liGRISBAUM, Judge.
This personal jurisdiction matter is before us on remand from the Louisiana Supreme Court. On January 31, 1997, this Court denied a writ filed on December 20,1996 and brought by the defendant, Bichan Partnership (“Bichan”), seeking to have the lower court’s denial of its exception of lack of personal jurisdiction reversed and the plaintiffs, William Young (“Young”), claims dismissed with prejudice.

FACTS AND PROCEDURAL HISTORY

The underlying claim in this matter is a breach of contract. According to Young’s petition for damages, in August 1991 Bichan entered into a sales contract for the purchase of a Mevatron 12 linear accelerator. Young further alleges Bichan entered into a lease agreement in July 1991 for a 4MeV x-ray linear accelerator. Bichan is a California partnership not authorized to do [2business in Louisiana, with no registered agent in Louisiana. Young served his demand on Bichan pursuant to the Louisiana long-arm statute.
Bichan filed an exception of lack of personal jurisdiction, claiming that a single purchase by a nonresident could not establish jurisdiction in Louisiana. While this matter was set for a hearing, at that time both parties agreed to submit the matter on briefs. The trial judge denied Bichan’s exception, stating in her Reasons for Judgment:
The inquiry here is whether the two contracts form sufficient contacts with the State of Louisiana to allow a Louisiana Court to assert personal jurisdiction. Bichan stresses that its status as a purchaser is insufficient to establish “minimum contracts” [sic] under Louisiana’s Long-Arm Statute, LSA-R.S. 13:3201.
Our legislature amended the Long-Arm Statute in 1987, expanding its scope to the fullest extent of federal due process. Under this expanded view, the Court believes one contract for sale is sufficient to trigger minimum contracts [sic]. Hence, personal jurisdiction is maintained and the exception of no cause of action is denied.
Bichan filed a writ with this Court, seeking to have the denial of its exception reversed and Young’s claim dismissed. We denied the writ, agreeing with “the trial court’s well-articulated Reasons for Judgment.” From that ruling, Bichan brought a writ to the Louisiana Supreme Court, which was granted, and the matter was remanded to us for briefing, argument, and opinion.

ISSUE

The sole issue before us is whether the trial court erred in finding Bichan had sufficient minimum contacts with the state to establish personal jurisdiction in this matter.

Law

Louisiana’s long-arm statute, La.R.S. 13:3201, in pertinent part, provides that “In addition to the provisions of Subsection A, a court of this state may |3exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.” La.R.S. 13:3201(B). In de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103 (La.1991), the Louisiana Supreme Court analyzed jurisprudence of the United States Supreme Court regarding long-arm jurisdiction. First, we note that “‘It has been said that when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant’s contacts with the forum, the State is exercising ‘specific jurisdiction’ over the defendant.’ ” de Reyes, supra, at 105 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, at n. 8, 104 S.Ct. 1868, 1872, at n. 8, 80 L.Ed.2d 404, at n. 8 (1984)).
The Supreme Court set forth a two-pronged test to satisfy constitutional due process requirements and establish personal jurisdiction over a nonresident, that is, the nonresident must have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Wash., 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945). Our supreme court further stated:
Thus, the dynamics of the two-part analysis resembles placing two different articles in the pans or trays of a set of scales to determine which is heavier. The mini *796 mum contacts and the evidence of substantial unfairness or injustice each have independent constitutional weight. The weight of the contacts depends on the nature and intensity of the defendant’s ties, contacts or relationships with the forum. The weight of the evidence of unfairness is mainly comprised of the gravity of the inconvenience or burden the defendant would sustain by defending the suit in the forum minus the weight of the interests of the plaintiff and the state in having the suit litigated in the forum. If the weight of the evidence of unfairness is heavier than the weight of the minimum contacts, jurisdiction is defeated; but if the minimum contacts weigh more, jurisdiction is maintained.
de Reyes, supra, at 107 (emphasis as found in the original).

14,Analysis

First, we note this is a matter of “specific jurisdiction,” as this suit arises out of Bichan’s contacts and subsequent contracts with Young. Bichan argues that its status as buyer in a single purchase cannot satisfy minimum contacts to establish personal jurisdiction. As a matter of law, one’s status as purchaser is not what the court looks to in establishing personal jurisdiction. Hence, the argument put forth by Bichan is without merit. In this matter, Bichan entered into a sales contract for the purchase of a piece of equipment worth over $400,000.00. Further, one month before buying the linear accelerator in question, Bichan entered into a lease agreement with Young for another linear accelerator. The trial court found, as a matter of fact, that these two contracts satisfied minimum contacts such that constitutional due process standards were met.
We must next look to the second prong of the two-part test set forth by the Supreme Court to establish personal jurisdiction — whether maintenance of a suit comports with traditional notions of fair play and substantial justice. International Shoe, supra. This requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of a random, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person, de Reyes, supra, at 106 (citing Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). In this matter, the defendant is being haled into court in Louisiana as a result of an alleged breach of two contracts made with the Louisiana plaintiff, not as a result of any |srandom, fortuitous or attenuated contact, or by the unilateral activity of another party or a third person.
After applying the two-pronged test to Bichan’s claim of lack of personal jurisdiction, we find that the two contracts in question establish minimum contacts with the forum state (Louisiana) such that maintenance of this suit does not offend traditional notions of fair play and substantial justice.
Based on the above discussion, we affirm the trial court’s denial of Bichan’s exception of lack of personal jurisdiction.

AFFIRMED.